4/28/2022 1:43 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001984
Ruben Tamez

D-1-GN-22-001984

| | | |
|---|---|---|
| | **Cause No:**_____ | |
| **LOURDES H. LANDIN,** | ) | IN THE DISTRICT COURT |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | 250TH, DISTRICT COURT |
| | ) | |
| v. | ) | _____JUDICIAL DISTRICT |
| | ) | |
| **DEUTSHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR FBR SECURITIZATION TRUST 2005-5, MORTGAGE-BACKED NOTES, SERIES 2005-5 AND SELECT PORTFOLIO SERVICING, INC.** | ) ) ) ) ) ) ) | |
| **Defendant.** | ) | **OF TRAVIS COUNTY, TEXAS** |

### PLAINTFF'S ORIGINAL PETITION AND STAY OF ORDER TO PROCEED WITH EXPEDITED FORECLOSURE UNDER TEX. RULE CIVIL PROCEDURE 736 IN CAUSE NO. D-1-19-008618

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW LOURDES H. LANDIN, hereinafter called Plaintiff, by and through his attorney, Robert C. Newark, III, and files this Original Petition and in support thereof would show unto the Court the following:

**NOTICE UNDER TEX R. CIV P. 736.11**

I.   This lawsuit is filed pursuant to Tex. R. Civ. P. 736.11 Automatic Stay and Dismissal if Independent Suit is filed.  Defendant filed and obtained an Order to Sale in TRAVIS COUNTY District Court Case No. D-1-19-008618.  Such proceeding was conducted under the Expedited Foreclosure Rules, Tex. R. Civ. P. 736, *et seq*.  Tex R. Civ. P 736.11 states that an Order of Sale is automatically stayed by the filing of this action, which is a separate, original proceeding in a court of competent jurisdiction that puts in issue the constitutionality of the matter related to the origination of the complained of loan, lien, servicing, and enforcement of the loan agreement, contract, and lie sought to be foreclosed.  This lawsuit was filed prior to

I

**EXHIBIT**

**C-1**

5:00 pm on the Monday, May 2, 2022, before the scheduled foreclosure sale, which is May 3, 2022. Tex. R. Civ. P. 736.11.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the Defendant because the actions complained of herein all occurred in TRAVIS COUNTY, Texas. Furthermore, the real property which is subject of this lawsuit is located in TRAVIS COUNTY, Texas. Venue is also proper in TRAVIS COUNTY, Texas.

## PARTIES

3. Plaintiff, LOURDES H. LANDIN, is an individual that resides in TRAVIS COUNTY, Texas.

4. Defendant, DEUTSHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR FBR SECURITIZATION TRUST 2005-5, MORTGAGE-BACKED NOTES, SERIES 2005-5 AND SELECT PORTFOLIO SERVICING, INC.. (hereinafter referred to as "Lienholder") is a foreign entity doing business in TRAVIS COUNTY, State of Texas and is the purported holder of the Lien(s) held by Defendant and obtained the Order of Sale both which are subject to this Petition. Lienholder may be served through its registered agent, the Secretary of State.

## FACTUAL BACKGROUND

5. Plaintiff is the owner of property located at 1501 Demaret St Pflugerville, TX 78660 (hereinafter referred to as the "Property").

6. Plaintiff has always disputed the amount owed to the Lienholder and the Lienholder's ability to enforce the lien when the balance was in dispute.

7.	On or about December 16, 2019, Lienholder caused a case to be filed in TRAVIS COUNTY, Texas to enforce the Lien(s) held by Defendant.

8.	Lienholder moved and obtained a default judgment on March 10, 2022.

9.	Under Rule 736.8, Plaintiff is unable to appeal the March 10, 2022 order, seek a new trial, or a bill of review

## COUNT I:  DECLARATORY JUDGMENT

10.	Plaintiff hereby incorporates all of the paragraphs above, as if each was fully set forth herein.

11.	Plaintiff bring this claim for a declaratory judgment under Section 37.001, et seq., of the Texas Civil Practices and Remedies Code.

12.	There exists an actual and substantial controversy between the parties herein that would be terminated by the granting of the declaratory judgment.

13.	As previously stated, Plaintiff has not been provided the evidence to show that Lienholder has any right to continue the enforcement of Lien(s) held by Defendant.

14.	As such, traditional enforcement remedies such as foreclosure are not available to Defendant.  Accordingly, Plaintiff seeks a judgment declaring Defendant's right to foreclosure on the Notice of Liens constitutionally unenforceable in perpetuity.

15.	Therefore, Plaintiff seeks a declaratory judgment declaring the Notice of Lien void ab initio; that any purported lien evidenced by the Lien(s) held by Defendant is void; and that such purported lien does not constitute a lien or encumbrance against the Property.

## ATTORNEY'S FEES

16.     Plaintiff are entitled to recover reasonable and necessary attorney fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009 and pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38 in this action for the breach of contract as authorized in Sec. 38.001(8).

## DISCOVERY – DISCLOSURES - TRCP 194.2

17.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff request that Defendant disclose the information and material described in Rule 194.2 within 50 days of service.

## NOTICE – TRCP 193.7

18.     Plaintiff hereby put Defendant on notice that Plaintiff intend to use Defendant's discovery responses as evidence at trial in accordance with such rights and privileges established by Texas Rules of Civil Procedure 193.7.

## CONDITIONS PRECEDENT

19.     All conditions precedent to the Plaintiff' right to bring theses causes of action have been performed, have occurred, or have been waived.

## RULE 47 DECLARATIONS

20.     By reason of all the above and foregoing it has become necessary to bring this suit for which it is now brought in a just and reasonable sum greatly in excess of the jurisdictional limits of this Honorable Court, together with all interest, pre and post judgment to which Plaintiff is entitled by law.  As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff' counsel states that Plaintiff seek monetary relief of $250,000.00 but not more than $1,000,000.00.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that:

a. The Defendant be cited to appear and answer herein;

b. That on final trial thereof, Plaintiff be awarded declaratory judgment as requested herein decreeing that the purported lien evidenced by the Lien(s) held by Defendant are void ad into;

c. That Plaintiff have and recover a judgment from and against Defendant for the forfeiture of all principal and interest on the Notices of Lien including, but not limited to a judgment from and against Defendant for payment of all principal and interest paid by Plaintiff to Defendant through the date of final judgment, together with prejudgment and post judgment interest as allowed by law;

d. That Plaintiff be awarded exemplary damages, costs and reasonable and necessary attorney's fees; and

e. For such other and further relief that Plaintiff may be awarded at law and in equity.

        RESPECTFULLY SUBMITTED,

        A Newark Firm
        1341 W. Mockingbird Lane, Ste 600W
        Dallas, Texas 75247
        Telephone:  (866)230-7236
        Facsimile:   (888)316-3398
        Email:       office@newarkfirm.com

By:  /s/Robert C. Newark, III
      Robert C. Newark, III
      Texas Bar No. 24040097
      Oklahoma Bar No. 21992
      ATTORNEY FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brittany Wilbanks on behalf of Robert Newark
Bar No. 24040097
brittany@newarkfirm.com
Envelope ID: 64003566
Status as of 4/28/2022 3:58 PM CST

Associated Case Party: LOURDESHLANDIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Newark | | Office@newarkfirm.com | 4/28/2022 1:43:01 PM | SENT |